IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL WARREN, # 05927-003, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18cv313-MHT |
| | ) | [WO] |
| WALTER WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a federal inmate, filed this *Bivens*[1] civil rights action in which he challenges certain conditions at the Maxwell Federal Prison Camp related to the presence of bats in the ceilings of the living areas.  However, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk.  Thus, the pleadings filed by Plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of a filing fee in this cause of action.  The court therefore ordered Plaintiff to "file either the $400.00 filing/administrative fees or an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by relevant financial information from the inmate account clerk at Maxwell." Doc. 3 at 2.  The order specifically

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

cautioned Plaintiff "that if he fails to comply with this order, the Magistrate Judge will recommend that this case be dismissed." Doc. 3 at 2.

Plaintiff has failed to file the required financial information within the time provided by the court.  Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file necessary financial information as ordered by this court.

On or before **May 22, 2018**, the plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 8th day of May, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge